### B. E. Buckley, trading as Colonial Mercantile Agency, Appellee, v. R. H. Robertson, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number,

## Statement of the Case.

Action by B. E. Buckley, trading as Colonial Mercantile Agency, against R. H. Robertson, on a promissory note for fifty dollars, payable to the Colonial Mercantile Agency and signed by the defendant. The defense was, failure of consideration for the note. From a judgment entered in favor of plaintiff on a directed verdict at the conclusion of all the evidence, defendant appeals.

NOLEMAN & SMITH, for appellant.

BUNDY & WHAM, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 434*—*when rejection of testimony offered to prove failure of consideration not error.* In an action on a promissory note given by defendant to plaintiff for the right to share the benefits of plaintiff's Mercantile Agency, where the defense was failure of consideration, rejection of testimony offered to show that a representative of plaintiff at the time of making the contract stated that the Agency had ability to collect desperate claims and that it had facilities for collecting claims in every State and town, *held* not error where the offer contained no proposal to show that such representations were false.

2. BILLS AND NOTES, § 434*—*when testimony to prove failure of consideration inadmissible.* In an action on a promissory note given by defendant to plaintiff for the right to share the benefits of plaintiff's Mercantile Agency, where the defense was failure of consideration, "sustaining an objection to a question asked of defendant as to whether the Agency had a representative in a city where defendant conducted his business, the proposal for the testimony being to show that an agent of the Agency had said that the Agency had facilities for collecting claims in every city and town, *held* not error since the representations of the agent could be true whether the Agency had a representative in such city at the time or not, and it further appearing that the list of defendant's debtors sent to plaintiff did not contain the address of all the debtors, that the

*See **Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly,** same topic and section number.

contract was still in force and that there was no time fixed for the making of collections.

3. TRIAL, § 93*—*necessity of specific objection to evidence.* Objections on a trial to a paper or other evidence must be specifically pointed out so that it may be obviated if possible.

4. BILLS AND NOTES, § 479*—*when party cannot complain of want of proof of ownership of note.* Where defendant in an action on a note objected to plaintiff's proof of his ownership of the note and the objection was sustained, he cannot complain of want of such proof.